**DENY and Opinion Filed May 23, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00469-CV**

_____

**IN RE BRADLEY HUBBARD, M.D. AND DALLAS PLASTIC SURGERY INSTITUTE, Relators**

**Original Proceeding from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-03134-B**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Nowell

In their May 16, 2023 petition for writ of mandamus, relators challenge the trial court's denial of their motion for leave to designate a replacement expert witness. Entitlement to mandamus relief requires relators to demonstrate that the trial court clearly abused its discretion and that they lack an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

After reviewing the petition and the record before us, we conclude that relators have failed to demonstrate that they lack an adequate remedy by appeal.[1] *See PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 718 (Tex. App.—Dallas 2011, pet. denied) (reviewing on appeal whether trial court abused discretion by denying motion for leave to designate a replacement expert after original experts were struck).

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Having denied the petition, we also deny as moot relators' motion for temporary stay.

230469f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

---

[1] We also question whether relators' unsworn verification adequately authenticates the mandamus record under Texas Rule of Appellate Procedure 52. The verification merely appears to affirm the attorney's future intent to swear to the verification's contents and does not invoke the penalty of perjury. *See In re Lancaster*, No. 05-23-00381-CV, 2020 WL 3267865, at *1 (Tex. App.—Dallas May 5, 2023, orig. proceeding) (mem. op.) (attorney's unsworn declaration wherein she declared that the facts stated in the declaration were true and correct did not invoke penalty of perjury). Nonetheless, we assume without deciding that relators' unsworn verification properly authenticated their record, and we deny the petition based on relators' failure to show that they lack an adequate remedy.